**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| | : | |
| ELIAS LANDAU, | : | |
| | : | |
| Debtor | : | Bankruptcy No. 05-15857 (KJC) |

_____

**ORDER**[1]

**AND NOW,** this 8th day of July, 2005, upon consideration of the Motion to Dismiss

Pursuant to 11 U.S.C. §§ 1307(c), 109(g) and 105 and Bankruptcy Rule 9011 or in the

Alternative Relief from the Automatic Stay under §362 filed on May 27, 2005 (docket no.

14)(the "Motion to Dismiss") filed by 191 Presidential Condominium Association (the

"Movant"), and the memorandum in opposition to the Motion to Dismiss filed by Elias Landau

(the "Debtor") on June 13, 2005 (docket no. 24);

**AND**, after a hearing to consider the Motion to Dismiss held on July 5, 2005,

**NOW, THEREFORE,** it is hereby **ORDERED** and **DECREED** that the Motion to

_____

[1]This Order sets forth the findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), § 157(b)(2)(A) and (G).

Dismiss is **GRANTED** and this bankruptcy case is hereby **DISMISSED**.[2]

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

---

[2]A summary of the undisputed facts in this matter is as follows.  On January 24, 2005, the Debtor filed a previous petition under chapter 13 of the United States Bankruptcy Code in this Court, Bankruptcy Case number 05-11006.  On March 9, 2005, a motion for relief from the automatic stay under Bankruptcy Code §362(d) was filed by Jane Landau, which was granted on March 11, 2005.  On March 31, 2005, the Debtor filed a praecipe to voluntarily dismiss his case.  The Court dismissed the case pursuant to the Debtor's Praecipe on April 11, 2005.  Soon thereafter, on April 25, 2005, the Debtor filed his second chapter 13 bankruptcy petition, commencing the current bankruptcy case.

In its Motion to Dismiss, the Movant argues, among other things, that the Debtor's current bankruptcy case was filed in violation of Bankruptcy Code §109(g)(2), which provides:

(g)    Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if - -
...
(2)    the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The Debtor denies any violation of 109(g)(2), arguing that the 180-day bar applies only upon a showing that the debtor's voluntary dismissal was a consequence of a creditor's motion for stay relief.  See, e.g., In re Sole, 238 B.R. 347 (Bankr. E.D. Va. 1998). The rationale for this interpretation of §109(g)(2) is that "absent a causal relationship, there is no abuse to curb and no purpose to be served by keeping the former debtor out [of] bankruptcy for 180 days."  See Sole, 238 B.R. at 350.

The Movant, however, argues that §109(g)(2) does not require a finding of a causal relationship between the motion for relief from stay and voluntary dismissal, relying upon In re Munkwitz, 235 B.R. 766 (E.D. Pa. 1999) and In re Keul, 76 B.R. 79 (Bankr. E.D. Pa. 1987).  In Munkwitz, Judge Ludwig decided that "the cases that hold application of §109(g)(2) to be mandatory are persuasive" (Munkwitz, 235 B.R. at 768), because "as a matter of statutory interpretation, legislated law, whenever practicable and plausible, should be read and applied literally."  Id. (citing Matteo v. Superintendent, SCI Albion, 171 F.3d 877 (3d Cir. 1999)).  Judge Ludwig then concluded that the plain and ordinary meaning of the word "following" in §109(g)(2) means "coming after or next in order of time" and does not necessitate a causal relationship between the motion for relief from stay and the voluntary dismissal. Id.

I agree with the reasoning of the Eastern District of Pennsylvania decisions.  The current bankruptcy case was filed in violation of §109(g)(2)  and, therefore, the Movant's Motion to Dismiss is granted and the current case is dismissed.  All other relief requested in the Motion, which is not otherwise moot, is denied.

2

Copies to:

Elias Landau
820 Roscommon Road
Bryn Mawr, PA 19010

Scott F. Waterman, Esquire
Black, Stranick & Waterman, LLP.
327 West Front Street
P.O. Box 168
Media, PA 19063-0168

William C. Miller
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Timothy B. McGrath, Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk